COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Willis and Bray
Argued at Norfolk, Virginia


JOSEPH BRITT, III

                                    MEMORANDUM OPINION[*] BY
v.          Record No. 0679-96-1      JUDGE RICHARD S. BRAY
                                         APRIL 15, 1997
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                    Kenneth N. Whitehurst, Jr., Judge

              Melinda R. Glaubke (Office of the Public
              Defender, on brief), for appellant.

              Marla Graff Decker, Assistant Attorney
              General (James S. Gilmore, III, Attorney
              General, on brief), for appellee.


      Joseph Britt, III, (defendant) was convicted by a jury of

five misdemeanor counts of brandishing a firearm and one felony

count of possession of a firearm by a convicted felon, all

arising from the same incident.  On appeal, he complains that the

court erroneously denied his motions to sever the misdemeanor and

felony trials and for a mistrial arising from improper closing

argument by the prosecutor.  Defendant also challenges the

sufficiency of the evidence to support the felony and two

brandishing convictions.  For the reasons that follow, we affirm

the felonious possession conviction, but reverse and remand the

brandishing convictions.

      The parties are fully conversant with the record, and this

_____
      [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

memorandum opinion recites only those facts necessary to a disposition of the appeal.

## MOTION FOR SEVERANCE

Relying upon Johnson v. Commonwealth, 20 Va. App. 49, 455 S.E.2d 261 (1995), defendant first argues that the trial court abused its discretion in denying his motion for severance, and the Commonwealth quite correctly concedes on brief that Johnson requires reversal of defendant's convictions for brandishing a firearm. However, Johnson does not mandate a reversal of the conviction for felonious possession of the firearm. See id. at 56-57, 455 S.E.2d at 265.

## SUFFICIENCY OF EVIDENCE[1]

Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. See Traverso v. Commonwealth, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988). The jury's verdict will not be disturbed unless plainly wrong or without evidence to support it. See id. The credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters solely for the fact finder's determination. See Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989).

---

[1]Because a remand of the brandishing offenses would be improper if the evidence did not support the challenged convictions, we must address the sufficiency issue relative to both the misdemeanors and felony. Gorham v. Commonwealth, 15 Va. App. 673, 677-78, 426 S.E.2d 493, 495-96 (1993).

Code § 18.2-308.2 makes it unlawful for "any person who has been convicted of a felony . . . to knowingly and intentionally possess or transport any firearm."  The jury was instructed accordingly and, further, that a "firearm" is a "device that has the actual capacity to do serious harm because of its ability to expel a projectile by the power of an explosion."  See Jones v. Commonwealth, 16 Va. App. 354, 357, 429 S.E.2d 615, 617, aff'd, 17 Va. App. 233, 436 S.E.2d 192 (1993) (en banc).

Circumstantial evidence is sufficient to support a conviction, provided it excludes every reasonable hypothesis of innocence.  See Cantrell v. Commonwealth, 7 Va. App. 269, 289, 373 S.E.2d 328, 338 (1988).  However, "[t]he Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant."  Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993).  Whether an alternative hypothesis of innocence is reasonable is a factual determination, see Cantrell, 7 Va. App. at 290, 373 S.E.2d at 339, and therefore is binding on appeal unless plainly wrong.  See Traverso, 6 Va. App. at 176, 366 S.E.2d at 721.

Here, the record discloses that defendant's sister, Dorian, excitedly called upon defendant to "give her the gun," prompting him to rush toward the Mitchell residence, armed with a .44 or .45 caliber pistol.  A "clicking sound" was heard as defendant loaded a "clip" of ammunition into the weapon, and he yelled

"I'll F[___] all you M[_____] F[___]ers up." Defendant entered the home, waving the gun about and pointing it at people inside, and demanded, "Who in the f[___] hit my sister?" Four persons present during the offenses identified the weapon as a "gray gun," with a long barrel. From this evidence, the jury properly concluded that the defendant possessed an actual firearm and brandished it at those present in the residence.

## MISTRIAL

"When a motion for mistrial is made, based upon an allegedly prejudicial event, the trial court must make an initial factual determination, in the light of all the circumstances of the case, whether the defendant's rights are so 'indelibly prejudiced' as to necessitate a new trial." Spencer v. Commonwealth, 240 Va. 78, 95, 393 S.E.2d 609, 619, cert. denied, 498 U.S. 908 (1990). "A trial court's ruling will be permitted to stand unless it is made to appear probable that the party complaining has been substantially prejudiced by the objectionable remarks or arguments." Martinez v. Commonwealth, 10 Va. App. 664, 669, 395 S.E.2d 467, 470 (1990), aff'd as modified, 241 Va. 557, 403 S.E.2d 358 (1991). Whether to grant a mistrial rests within the sound discretion of the trial judge, and "absent a showing of abuse of discretion, the court's ruling will not be disturbed on appeal." Cheng v. Commonwealth, 240 Va. 26, 40, 393 S.E.2d 599, 607 (1990).

The prosecutor may properly "'refer to the evidence and fair

inferences from it'" during closing argument to a jury. Martinez, 10 Va. App. at 672, 395 S.E.2d at 472 (quoting Timmons v. Commonwealth, 204 Va. 205, 216–17, 129 S.E.2d 697, 705 (1963)). "Whether the words used were prejudicial must be judged by a review of the totality of the evidence." Fain v. Commonwealth, 7 Va. App. 626, 629, 376 S.E.2d 539, 541 (1989).

Here, the prosecutor argued to the jury, "Ladies and [G]entlemen, you have a violent criminal -- a felon before you. You can see from the conviction order that he's been violent before. He has the propensity to do so." We acknowledge that these remarks improperly urged the jury to conclude that defendant's prior convictions made it more likely that he possessed a firearm in this instance. However, the court had instructed the jury earlier "that the fact the defendant was previously convicted of a felony is not evidence that he knowingly and intentionally possessed or transported a firearm on June 13, 1995." Under such circumstances, we do not find that defendant was so "indelibly prejudiced" that it necessitated a mistrial.

Accordingly, we reverse and remand the convictions for brandishing a firearm but affirm the conviction for possession of a firearm by a convicted felon.

Affirmed in part,
reversed in part,
and remanded.