COURT OF APPEALS OF VIRGINIA

Present: Judges Bumgardner, Frank and Humphreys
Argued at Richmond, Virginia


RODNEY EUGENE HOPKINS

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1909-99-2        JUDGE ROBERT J. HUMPHREYS
                                         OCTOBER 17, 2000
COMMONWEALTH OF VIRGINIA


             FROM THE CIRCUIT COURT OF HENRICO COUNTY
                  Buford M. Parsons, Jr., Judge

           Darryl A. Parker for appellant.

           Susan M. Harris, Assistant Attorney General
           (Mark L. Earley, Attorney General; Richard B.
           Smith, Senior Assistant Attorney General, on
           brief), for appellee.


     Rodney Eugene Hopkins appeals his conviction after a bench

trial of possession of heroin with intent to distribute, in

violation of Code § 18.2-248.1. Appellant contends that the trial

court erred in denying his pretrial motion to suppress heroin

seized from his vehicle, as well as statements he made to police.

     "In reviewing a trial court's denial of a motion to suppress,

'[t]he burden is upon [the defendant] to show that th[e] ruling,

when the evidence is considered most favorably to the

Commonwealth, constituted reversible error.'" McGee v.

Commonwealth, 25 Va. App. 193, 197, 487 S.E.2d 259, 261 (1997)

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

(en banc) (citation omitted). "[W]e review de novo the trial court's application of defined legal standards such as probable cause and reasonable suspicion to the particular facts of the case." Hayes v. Commonwealth, 29 Va. App. 647, 652, 514 S.E.2d 357, 359 (1999) (citation omitted). "In performing such analysis, we are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them and we give due weight to the inferences drawn from those facts by resident judges and local law enforcement officers." McGee, 25 Va. App. at 198, 487 S.E.2d at 261 (citing Ornelas v. United States, 517 U.S. 690, 699 (1996)). We have also recognized that great deference should be afforded to the "peculiar fact finding capability of the trial court" since it is "not limited to the stark, written record," but "has before it the living witnesses and can observe their demeanors and inflections." Satchell v. Commonwealth, 20 Va. App. 641, 648, 460 S.E.2d 253, 256 (1995).

A "police officer may lawfully stop and detain an individual if the officer possesses a reasonable suspicion, based on articulable facts, that the individual is or is about to be engaged in criminal activity." Terry v. Ohio, 392 U.S. 1, 30 (1968). "The standard for conducting such a detention is less than probable cause, but more than an 'inchoate and unparticularized suspicion or "hunch."'" Gregory v. Commonwealth, 22 Va. App. 100, 105, 468 S.E.2d 117, 120 (1996).

-

In order to determine what cause is sufficient to authorize police to stop a person, cognizance must be taken of the "totality of the circumstances - the whole picture." Assessing that whole picture, "the detaining officers must have a particularized and objective basis for suspecting the particular person stopped of criminal activity."

Jacques v. Commonwealth, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991).

Here, Hopkins was stopped after Officer Maxwell, of the Henrico County Police Department, received detailed information from a known informant that Hopkins would be transporting a quantity of heroin in his vehicle. The informant had provided reliable information on two prior occasions, which led to the arrest of suspects in drug cases.

This Court has recognized that an anonymous tip, standing on its own, is insufficient to support a reasonable, articulable suspicion. See Harris v. Commonwealth, 33 Va. App. 325, 332, 533 S.E.2d 18, 21 (2000); see also Florida v. J. L., 120 S. Ct. 1375 (2000). However, in this case we do not have such a situation. Officer Maxwell testified that the informant who gave him the information was known to him and in fact, Officer Maxwell had worked with this individual before on two separate occasions, both of which led to the arrest and conviction of the subjects involved.

The facts in this case are similar to those in Johnson v. Commonwealth, 20 Va. App. 49, 455 S.E.2d 261 (1995). In Johnson

-

we held that where an informant was known and had worked with the police previously (providing information that resulted in arrests and successful prosecutions), and where the informant provided detailed, predictive information that the officers were able to corroborate, the officers possessed a reasonable, articulable suspicion which was required to validly stop the defendant and investigate potential criminal activity. In this case, the officers were also given detailed, predictive information, from a known source, that they were able to corroborate. Thus, we find that the stop and the resulting investigation were reasonable and did not constitute a violation of Hopkins' constitutional rights.

Hopkins next contends that the statements he made to the officers at the scene of the stop should have been suppressed by the trial court as they were given in violation of <u>Miranda</u>, as well as his Fifth and Sixth Amendment rights.[1] Following the stop of appellant's vehicle, Officer Maxwell asked appellant to

---

[1] We presume that Hopkins refers to his statements made to police before the <u>Miranda</u> rights were read to him. Any statements made thereafter were valid as they were given after he was properly advised of his rights. Furthermore, Hopkins has not argued that his statements, either before or after he was given <u>Miranda</u> warnings were coerced. See <u>Oregon v. Elstad</u>, 470 U.S. 298, 309 (1985) ("It is an unwarranted extension of <u>Miranda</u> to hold that a simple failure to administer the warnings, unaccompanied by any actual coercion or other circumstances calculated to undermine the suspect's ability to exercise his free will, so taints the investigatory process that a subsequent voluntary and informed waiver is ineffective for some indeterminate period.").

-

step to the rear of his vehicle.  He called for a drug canine unit, told Hopkins he had received information that Hopkins was carrying heroin, and asked Hopkins to cooperate.  In response, Hopkins told Officer Maxwell, "[y]ou need to do what you need to do."

As the dog was being brought toward Hopkins' vehicle, another officer once again asked Hopkins if there were drugs in the car. Hopkins told him at that time that there was some heroin in the small black box between the seats.  The drug dog "alerted" to the area between the seats of the vehicle, and a small black box was recovered from this area.  The box contained heroin in twelve individually wrapped packages.

*Miranda* warnings are required whenever a suspect is subjected to "custodial interrogation" and every detention does not necessarily constitute custodial interrogation for purposes of *Miranda*.  A person is in custody for *Miranda* purposes only when the person's "freedom of action is curtailed to a 'degree associated with formal arrest.'"  *Berkemer v. McCarty*, 468 U.S. 420, 440 (1984).  Whether a suspect is "in custody" turns upon "how a reasonable man in the suspect's position would have understood his situation."  *Berkemer*, 468 U.S. at 442.

"If an officer has a reasonable, articulable basis to suspect that an individual has committed or is about to commit a crime, the officer is justified in briefly detaining the suspect and asking him a limited number of questions without giving

-

Miranda warnings in order to quell or confirm the officer's suspicion of criminal activity." Cherry v. Commonwealth, 14 Va. App. 135, 140, 415 S.E.2d 242, 245 (1992). Moreover, we have held that "'drawing weapons, handcuffing a suspect, placing a suspect in a patrol car for questioning, or using or threatening to use force does not necessarily elevate a lawful stop into a custodial arrest for Miranda purposes.'" Harris v. Commonwealth, 27 Va. App. 554, 566, 500 S.E.2d 257, 263 (1998) (quoting United States v. Leshuk, 65 F.3d 1105, 1109-10 (4th Cir. 1995)).

As we have noted above, the officers had more than a valid reasonable suspicion that Hopkins was about to, or had already committed a crime. Accordingly, the officers had reason to detain him and ask him a limited number of questions in order to "quell or confirm" their suspicions. In light of the above precedent, we cannot find that the trial court was plainly wrong in finding that Hopkins was not "in custody" when the officers questioned him about the heroin in his vehicle.

Nevertheless, even if we were to assume that Hopkins was "in custody" once the officers asked him to step to the back of the vehicle, the statement made by Hopkins was of no consequence. The officers had probable cause to search the vehicle regardless of the statement. It is well settled that "[o]ne of the established exceptions to the warrant requirement is that if a search without a warrant is made of an automobile

-

or other vehicle on the highway upon probable cause and if it is not practicable to secure a warrant because the motor vehicle can be quickly moved out of the locality or jurisdiction in which the warrant must be sought, the search is valid."  Taylor v. Commonwealth, 222 Va. 816, 820, 284 S.E.2d 833, 836 (1981) (citing Carroll v. United States, 267 U.S. 132, 149, 153 (1925)).

"[P]robable cause exists when the facts and circumstances within the officer's knowledge, and of which he has reasonably trustworthy information, alone are sufficient to warrant a person of reasonable caution to believe that an offense has been or is being committed.  In order to ascertain whether probable cause exists, courts will focus upon 'what the totality of the circumstances meant to police officers trained in analyzing the observed conduct for purposes of crime control.'"  Id. at 820-22, 284 S.E.2d at 836 (citations omitted).

It is clear that the facts in this case were sufficiently corroborated to give the officers reason to believe that a crime had been, or was about to be, committed.  The officers, therefore, had probable cause to search Hopkins' vehicle, and exigent circumstances existed which allowed the search to take place without a warrant.  Thus, even if the initial statement made by Hopkins was suppressed, the conviction would still stand

-

as the search of the vehicle was independently valid, regardless of the statements made by appellant.

Affirmed.