COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Humphreys and Senior Judge Overton
Argued at Chesapeake, Virginia


KEVIN MICHEL CRISS

MEMORANDUM OPINION[*] BY
v.    Record No. 0364-00-1        JUDGE ROBERT J. HUMPHREYS
                                       JUNE 5, 2001
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                     Dean W. Sword, Jr., Judge

        James O. Broccoletti (James P. Normile, IV;
        Zoby & Broccoletti, P.C., on brief), for
        appellant.

        Donald E. Jeffrey, III, Assistant Attorney
        General (Mark L. Earley, Attorney General, on
        brief), for appellee.

     Kevin Criss appeals his conviction, after a bench trial,

for possession with intent to distribute more than five pounds

of marijuana and conspiracy to distribute more than five pounds

of marijuana.  Criss contends that the trial court erred 1) in

admitting his statement, which he alleges was made as a result

of coercion by the arresting officer; and, 2) in admitting

evidence found in the box addressed to 23 Neville Street, which

he alleges was illegally searched without a warrant.  Because

this opinion has no precedential value and because the parties are

conversant with the facts, we do not recite them in detail here.

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

We first note that "[t]he admission of evidence is within the broad discretion of the trial court."  Pavlick v. Commonwealth, 27 Va. App. 219, 226, 497 S.E.2d 920, 923 (1998).[1] "[The Supreme Court has] held that a confession may be involuntary and hence inadmissible when induced by threats to prosecute members of the confessor's family."  Tipton v. Commonwealth, 224 Va. 256, 262, 295 S.E.2d 880, 883 (1982) (citation omitted).  However, we have not held, as Criss seems to suggest, that "threats" to prosecute members of the confessor's family are per se unreasonable.  Instead, "the question in each case is whether the defendant's will was overborne at the time he confessed.  If so, the confession cannot be deemed 'the product of a rational intellect and a free will.'"  Lynumn v. Illinois, 372 U.S. 528, 534 (1963) (citations omitted).  Thus,

> [i]n assessing the voluntariness of a confession on appeal, we must independently determine whether, in light of the totality of the circumstances, including not only the details of the interrogation, but also the characteristics of the accused, the statement was the product of an essentially free and unconstrained choice by its maker, or whether the maker's will was overcome and his capacity for self-determination critically impaired.

---

[1] Although Criss frames the issues on appeal as pertaining to "motions to suppress" evidence, Criss made no pretrial motion to suppress the evidence in this case.  Rather, he objected to the admissibility of certain evidence on state law, as well as constitutional grounds.

*Novak v. Commonwealth*, 20 Va. App. 373, 386-87, 457 S.E.2d 402, 408 (1995) (citations omitted).

Here, Criss argues he inferred coercion from Detective Franklin Chappell's statements. However, unlike the circumstances in Hammer v. Commonwealth, 207 Va. 135, 147-48, 148 S.E.2d 878, 885 (1966), Detective Chappell testified at trial to the statements he made to Criss. The trial court had the opportunity to evaluate Detective Chappell's credibility with respect to the statements he made to Criss and their context. Moreover, since Criss elected to contest their admissibility at trial rather than seek a pretrial suppression hearing, the trial court was given no opportunity to evaluate the coercive effect, if any, these statements had on Criss. We therefore cannot find that the trial court erred in concluding that Criss' statement was the product of an essentially free and unconstrained choice and that his will was not overborne by the detective's statements. Accordingly, we find no error in the trial court's admission of Criss' statement.

We note finally that the only Fourth Amendment argument that Criss raised before the trial court pertained to the investigation and resulting search that occurred in California. However, the trial court issued a more exhaustive ruling in denying Criss' motion and addressed both the California search and the Virginia search. As a basis for its ruling with regard to the Virginia search, the trial court concluded that Criss had

-

no expectation of privacy in the box prior to its delivery to his home.

Likewise, we find no merit in Criss' argument that the search of the box prior to delivery to his home was illegal. On this record, there is no evidence that "Dennis Barnard," the individual to whom the package was addressed, was an alter ego or pseudonym for Criss, nor that Criss ever identified himself as Barnard.[2] Instead, the evidence merely demonstrates that Criss accepted delivery and possession of the box and its contents. Thus, we find no evidence to suggest that prior to delivery, Criss possessed any expectation of privacy in the box and/or its contents. In light of this, Criss had no standing to assert an alleged Fourth Amendment violation based on the actions of police prior to delivery of the box to his home. See Rakas v. Illinois, 439 U.S. 128, 143 (1978) ("[The] capacity to claim the protection of the Fourth Amendment depends not upon a property right in the invaded [thing] but upon whether the person who claims the protection of the Amendment has a legitimate expectation of privacy in the invaded [thing].").

Criss correctly notes that the trial court erroneously based its conclusion that Criss had no expectation of privacy in the box on its belief that Criss lost his privacy interest once

---

[2] To the contrary, counsel for Criss objected when the prosecutor referred to Criss as having identified himself as Barnard.

-

UPS became the "lawful custodian" of the box.  See United States v. Jacobsen, 466 U.S. 109, 114 (1984) (the principle is well established that individuals retain an expectation of privacy in letters and sealed packages that have been deposited in the mail).  However, as set forth above, we find that the trial court reached the correct result in finding that Criss had no expectation of privacy in the box prior to delivery.  Accordingly, the judgment of the trial court is affirmed.  See Harris v. Commonwealth, 33 Va. App. 325, 332, 533 S.E.2d 18, 21 (2000) (as long as the correct reason, along with a factual basis to support it, is raised in the trial court, an appellate court may affirm the judgment of a trial court when it has reached the right result for the wrong reason).

Affirmed.

-