## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Commonwealth of Virginia

v.

Wilbur Francisco Mendez

October 18, 2002

Case No. CF020395

BY JUDGE JOHN E. KLOCH

This matter came upon the Defendant's motion to sever the counts of assault and battery and assault and battery by mob from the felony gang count. After considering the legal memoranda and arguments of counsel, I am of the opinion that the charges are inextricably entwined and therefore the motion to sever is denied.

As the defense indicates, as an element of the felony gang charge, the Commonwealth must prove that the Defendant, while "actively participating in or being a member of a criminal street gang, knowingly and willfully participated in a predicate criminal act committed for the benefit of, at the direction of, or in association with a criminal street gang." Virginia Code § 18.2-46.2. Indeed, the Commonwealth has indicated it intends to use the assault and battery and assault and battery by mob as part of its case for the felony gang charge. In so doing, the assault and battery charges become essential to the felony gang charge; they are two "predicate criminal acts" as contemplated by § 18.2-46.2.

This case can be distinguished from *Johnson v. Commonwealth*, 20 Va. App. 49 (1995); *Long v. Commonwealth*, 20 Va. App. 223 (1995); and *Hackney v. Commonwealth*, 28 Va. App. 288 (1998), and similar cases. In those cases, unlike here, the charge of possession of a firearm by a convicted felon was too tenuously related to the principal charge, and therefore severance was mandated.

For the reasons aforementioned, I am of the opinion that the assault and battery and assault and battery by a mob should not be severed.