COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Decker, Russell and AtLee
Argued at Richmond, Virginia


WADE A. MALONE, JR.

                                        MEMORANDUM OPINION[*] BY
v.      Record No. 1503-14-2           JUDGE RICHARD Y. ATLEE, JR.
                                            DECEMBER 8, 2015
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Herbert C. Gill, Jr., Judge Designate[1]

Dorian Dalton, Senior Assistant Public Defender, for appellant.

Lauren C. Campbell, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Appellant Wade A. Malone, Jr. appeals his conviction for possession of a firearm by a felon,

arguing that the trial court erred in denying his motion to suppress because (1) no probable cause

existed for the arrest that resulted in the search incident to arrest, and (2) inevitable discovery did

not apply.  Finding no error, we affirm.

I. BACKGROUND

On the night of his arrest, Malone and some companions were standing outside a

Richmond motel located in a "high crime" area.  The motel had "no trespassing" signs posted,

and had authorized the police to check for trespassers.  Officer Caesar and other plain-clothed

officers were patrolling the location.  Although not in uniform, all of the officers were wearing

vests with "POLICE" written in large, reflective block text on the front and back.  As the officers

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Judge Bradley B. Cavedo denied Malone's motion to suppress the evidence.

approached, one of the individuals in the motel parking lot saw them, and Malone and his companions ran. Officer Caesar pursued Malone across the street into a Kentucky Fried Chicken parking lot, which also had posted "no trespassing" signs. While fleeing, Malone reached for something near his waistband and fell. After a physical struggle, Officer Caesar placed Malone in handcuffs. Officer Caesar then walked Malone back to the motel, ran his information, and found outstanding warrants. During a search incident to arrest, Officer Caesar found a firearm and ammunition in Malone's pockets. Malone was a convicted felon.

A grand jury indicted Malone for one count of possession of a firearm by a convicted felon. Malone moved to suppress the firearm and ammunition evidence on the grounds that the search violated his Fourth Amendment rights. In denying Malone's motion to suppress, the trial court found that he "knew that Officer Caesar was a police officer and that is why he was running from him." The court held that Officer Caesar had a reasonable articulable suspicion that criminal activity was afoot. The court also found that Officer Caesar had probable cause to arrest Malone by the time he apprehended him. Finally, the court found that Officer Caesar inevitably would have found the gun in a search incident to arrest on the outstanding warrant. The trial court reasoned that, had Malone not run, Office Caesar would have asked for identification and run Malone's information, discovered the outstanding warrant, arrested him, and found the firearm in the search incident to the arrest. Malone entered a conditional guilty plea to possession of a firearm by a convicted felon. The court accepted a plea agreement and sentenced Malone to five years in prison with two years suspended.

## II. ANALYSIS

### A. Standard of Review

"On appeal, constitutional arguments present questions of law that this Court reviews de novo." Crawford v. Commonwealth, 281 Va. 84, 97, 704 S.E.2d 107, 115 (2011). In our

review, we "must give deference to the factual findings of the circuit court and give due weight to the inferences drawn from those factual findings; however, the appellate court must determine independently whether the manner in which the evidence was obtained meets the requirements of the Fourth Amendment." Commonwealth v. Robertson, 275 Va. 559, 563, 659 S.E.2d 321, 324 (2008). The appellant bears the burden of showing that the denial of his suppression motion, when the evidence is considered in the light most favorable to the Commonwealth, was reversible error. Whitfield v. Commonwealth, 265 Va. 358, 361, 576 S.E.2d 463, 464 (2003).

### B. Investigatory Detention and Reasonable Suspicion

Malone argues that Officer Caesar did not have probable cause to arrest him for trespassing at the motel, and therefore any evidence obtained pursuant to a search incident to arrest for that crime was inadmissible "fruit of the poisonous tree." However, the trial court, when denying the motion to suppress, relied on other grounds, including that Officer Caesar had a reasonable articulable suspicion to justify an investigatory detention. We agree, finding both that Officer Caesar possessed reasonable suspicion that Malone was involved in criminal activity and that the challenged actions did not amount to an arrest. Accordingly, we do not address whether Officer Caesar had probable cause for an arrest at the time he detained him and returned to the motel parking lot with Malone.

"The Fourth Amendment protects 'persons' from 'unreasonable searches and seizures.'" Jackson v. Commonwealth, 267 Va. 666, 672, 594 S.E.2d 595, 598 (2004) (quoting U.S. Const. amend. IV).

> The Fourth Amendment does not, however, require a police officer to "simply shrug his shoulders and allow a crime to occur or a criminal to escape. A brief stop of a suspicious individual in order to determine his identity or to maintain the status quo momentarily while obtaining more information, may be most reasonable in light of the facts known to the officer at the time."

Ramey v. Commonwealth, 35 Va. App. 624, 629 n.1, 547 S.E.2d 519, 522 n.1 (2001) (quoting

Adams v. Williams, 407 U.S. 143, 145-46 (1972)). Such "[a]n investigative stop must be based

on articulable facts supporting a reasonable suspicion that the person detained has committed a

criminal offense." Johnson v. Commonwealth, 20 Va. App. 49, 53, 455 S.E.2d 261, 264 (1995)

(quoting Williams v. Commonwealth, 4 Va. App. 53, 64, 354 S.E.2d 79, 85 (1987)).

> Reasonable suspicion is a less demanding standard than probable cause not only in the sense that reasonable suspicion can be established with information that is different in quantity or content than that required to establish probable cause, but also in the sense that reasonable suspicion can arise from information that is less reliable than that required to show probable cause.

Washington v. Commonwealth, 29 Va. App. 5, 12, 509 S.E.2d 512, 515 (1999) (quoting

Alabama v. White, 496 U.S. 325, 330 (1990)).

"In determining whether a police officer had a particularized and objective basis for

suspecting that the person stopped may be involved in criminal activity, a court must consider

the totality of the circumstances." Whitaker v. Commonwealth, 279 Va. 268, 274, 687 S.E.2d

733, 736 (2010) (quoting Ewell v. Commonwealth, 254 Va. 214, 217, 491 S.E.2d 721, 722-23

(1997)). "[W]hile a suspect's presence in a high crime area, standing alone, is not enough to

support a reasonable particularized suspicion, it is a relevant contextual consideration in a Terry

analysis. And while headlong flight is not necessarily indicative of wrongdoing, it is a pertinent

factor in determining reasonable suspicion." Id. at 276, 687 S.E.2d at 737. In addition, "furtive

gestures [or suspicious movements] are relevant in determining whether probable cause exists for

an arrest, see, e.g., Hollis v. Commonwealth, 216 Va. 874, 877, 223 S.E.2d 887, 889 (1976), and

therefore they are unquestionably relevant when evaluating the lesser standard of reasonable

suspicion." Rudolph v. Commonwealth, 277 Va. 209, 216, 722 S.E.2d 527, 532 (2009).

Here, the officers, wearing vests with "POLICE" printed in large reflective letters,

approached Malone and his companions loitering outside a motel with visible "no trespassing"

signs. It was late at night. The motel was in a high crime area; in fact, a murder had occurred nearby the previous week. Before the officers had the opportunity to ask questions or determine if the people were lawfully present, the men fled. Together, these facts demonstrate that Officer Caesar possessed reasonable suspicion that Malone was trespassing at the motel.

Malone argues that when Officer Caesar handcuffed him and escorted him back to the motel, this necessarily amounted to an arrest. "Brief, complete deprivations of a suspect's liberty, including handcuffing, 'do not convert a stop and frisk into an arrest so long as the methods of restraint used are reasonable to the circumstances.'" Johnson, 20 Va. App. at 55, 455 S.E.2d at 264-65 (quoting Thomas v. Commonwealth, 16 Va. App. 851, 857, 434 S.E.2d 319, 323 (1993)). Here, Malone's actions justified Officer Caesar's response. Malone's flight necessarily took them away from the other officers, the police cruisers, and the location where the suspected offense occurred, precluding Officer Caesar from conducting a brief and safe investigation into the suspected trespass. Malone reached for his waistband as he ran from Officer Caesar, raising further suspicion that he may be reaching for a weapon, or otherwise attempting to destroy evidence or threaten the officers' safety. When Officer Caesar caught up to Malone, Malone fought back and continued to attempt to grab something from his waistband. Officer Caesar finally succeeded to get control of Malone's hands, handcuffed him, and immediately walked him back to the motel where other officers were present. The record does not show that Officer Caesar told Malone he was under arrest at this point, nor had Malone been given Miranda warnings.[2] By restraining Malone

---

[2] Although there is some ambiguity in the record as to whether Officer Caesar considered Malone "under arrest" for trespassing at the motel when he handcuffed him, our analysis is confined to objective facts, not the officer's subjective impressions. See James v. Commonwealth, 18 Va. App. 746, 754, 446 S.E.2d 900, 905 (1994) ("Compliance with the fourth amendment depends . . . on 'an objective assessment of an officer's actions in light of the facts and circumstances then known to him.'" (quoting Bosworth v. Commonwealth, 7 Va. App. 567, 570, 375 S.E.2d 756, 758 (1989))).

and returning to the motel, Officer Caesar took proportional actions that permitted a brief investigation, restoring the "status quo" Malone disrupted by fleeing. Under these circumstances, handcuffing and walking Malone back across the street was reasonable and did not amount to an arrest.[3]

### C. Discovery of Firearm and Ammunition

Once Officer Caesar had control of Malone, he ran Malone's information through dispatch and determined that there were warrants for his arrest. At that time, probable cause existed to arrest him. See Alston v. Commonwealth, 40 Va. App. 728, 744, 581 S.E.2d 245, 253 (2003) (holding that the officer's discovery of an outstanding arrest warrant for the defendant provided the "probable cause necessary to arrest" him). The search incident to arrest that led to the discovery of the firearm and ammunition was entirely proper. See, e.g., McCain v. Commonwealth, 261 Va. 483, 493, 545 S.E.2d 541, 546 (2001) (recognizing the exception to the warrant requirement for a search incident to arrest). Consequently, we hold that under the facts and circumstances of this case, the trial court did not err in denying Malone's motion to suppress.

### III. CONCLUSION

For the foregoing reasons, the Court finds no error and affirms.

Affirmed.

---

[3] Because we find this was a lawful investigative detention, we need not address whether the inevitable discovery exception applies.