COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Frank and Humphreys
Argued By teleconference


BRENT JEROME REED
                                            OPINION BY
v.    Record No. 2210-00-2          JUDGE ROBERT J. HUMPHREYS
                                             JULY 24, 2001
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                       Thomas N. Nance, Judge

              Patricia P. Nagel, Assistant Public Defender
              (Gregory W. Franklin, Assistant Public
              Defender; Office of the Public Defender, on
              brief), for appellant.

              Leah A. Darron, Assistant Attorney General
              (Mark L. Earley, Attorney General, on brief),
              for appellee.


     Brent Jerome Reed (appellant) appeals his convictions, after

a bench trial, for petit larceny and possession of cocaine.

Appellant contends the trial court erroneously denied his motion

to suppress evidence, which he argues was obtained as a result of

an illegal detention.  Appellant also contends the trial court

erroneously found the evidence sufficient to convict him of petit

larceny and possession of cocaine.[1]

_____

     [1] The appellant was also charged with misdemeanor tampering
and felony destruction of property.  The petit larceny charge
was initially charged as a felony.  Appellant apparently pled
guilty to the misdemeanor tampering charge in a separate
proceeding, which was held in general district court.  The
felony destruction of property charge, which was heard in
conjunction with the case at issue, was dismissed by the trial

## I.  BACKGROUND

The evidence presented at trial established that Richmond Police Officer William L. Hewlett received a radio dispatch concerning a reported larceny in progress during his routine patrol on March 15, 2000.  Officer Hewlett was informed that the dispatcher was on the line with a citizen who was on a cellular telephone.  The dispatcher stated that the citizen reported having witnessed a break-in and theft from an automobile parked at Allen and Main Streets and gave a description of the perpetrator.  The perpetrator then walked back toward Allen and Cary Streets, and the citizen followed on foot while still on the telephone with, and describing the activities for, the dispatcher.  Officer Hewlett remained in contact with the dispatcher and traveled to the area where the reported incident had occurred in order to look for the suspect.  Hewlett had another unit go to the scene of the reported break-in.

As Officer Hewlett approached the area, he observed appellant, who matched the description provided by the witness, walking along the sidewalk with a female companion.  At or before that time, Hewlett received confirmation from the other police unit that the window of a car parked near the intersection of Allen and Main Streets had, in fact, been

court at the close of the evidence.  At that point, the trial court also reduced the felony petit larceny charge to misdemeanor petit larceny.

-

broken.  Hewlett had not yet spoken personally with the citizen witness, but Hewlett knew the witness was still on the phone with the dispatcher and the witness had reported that he was following the suspect from the opposite side of the street.[2]

Hewlett stopped his patrol car and called appellant over to his vehicle.  Hewlett informed appellant "of the reason why [he] stopped [appellant], that he fit the description of a person that was seen breaking into someone's car."  Hewlett asked appellant, "just for identification purposes, if he didn't mind being identified and if he wasn't [the perpetrator,] then he would be free to go on his way."

At that point, the citizen witness, who was still talking on his cell phone with the dispatcher, "got around the corner," approached Officer Hewlett and identified appellant as the person he had observed breaking into the car.  Officer Hewlett then arrested appellant.  A search incident to appellant's arrest revealed two cartons of cigarettes and a "crack pipe" on his person.  Appellant claimed someone had given the cigarettes to him and his companion.

---

[2] The record does not establish whether Officer Hewlett personally observed the witness before Hewlett initiated an encounter with the suspect.  Although Hewlett referred to the witness as being on the opposite side of the street from the suspect, he did not state whether he observed the witness there before stopping the suspect or whether the witness, through the dispatcher, simply reported his location.

Hewlett submitted the pipe to the state laboratory for testing.  The resulting certificate of analysis stated that Hewlett had submitted "Item 1[:]  One (1) sealed plastic bag containing one (1) silver metal tube smoking device with residue."  The results stated:  "Item 1 Cocaine (Schedule II) residue."

Sandra Champion Johnson testified that she and her husband jointly owned a 1997 Dodge Neon, which she had driven to Panache Hair Studio, located at West Main Street, on March 15, 2000.  She had parked the car "at the corner on the side street" and left it for approximately two hours while she was in the salon.  When she returned to the car, she found that the right passenger window had been broken and the door was dented.  She also found that a carton of cigarettes was missing from the front passenger seat of the car.  Officer Hewlett had attached a business card to the steering wheel of the car informing Johnson of the break-in and asking her to contact him.

Prior to trial, appellant moved to suppress the evidence, contending that his detention was illegal because Officer Hewlett based the detention on an unknown informant's statement and otherwise had observed no criminal activity by appellant.  The trial court denied the motion, finding that the information provided by the informant was sufficiently reliable to support the detention.  Appellant renewed his suppression motion at trial.  This motion was likewise denied.

-

During trial, appellant moved to strike the Commonwealth's evidence, arguing that the Commonwealth had failed to prove larceny because there was no evidence to establish that the items recovered from appellant were identified by the owner.  Appellant also contended that because the lab report pertaining to the cocaine listed a plastic bag as well as a metal pipe, but did not state which item tested positive for cocaine residue, there was insufficient evidence to prove that appellant possessed the cocaine.  The trial court found the evidence sufficient and overruled these motions.

## II.  ANALYSIS

Although we are bound to review de novo the ultimate question of reasonable suspicion, "fact[ual findings] are binding on appeal unless 'plainly wrong.'"  McGee v. Commonwealth, 25 Va. App. 193, 198 n.1, 487 S.E.2d 259, 261 n.1 (1997) (en banc) (citations omitted).  When we review the trial judge's refusal to suppress evidence, we consider the "evidence adduced at both the trial and suppression hearing."  Greene v. Commonwealth, 17 Va. App. 606, 608, 440 S.E.2d 138, 139 (1994).  Further, "[o]n appeal, the burden is upon the appellant to show that the denial of the motion to suppress constitutes reversible error."  Fore v. Commonwealth, 220 Va. 1007, 1010, 265 S.E.2d 729, 731 (1980).

We hold that appellant was seized when Officer Hewlett told him he matched the description of a person seen breaking into a

-

car and that he would be free to leave if it was determined he was not that person.  McGee, 25 Va. App. at 200-01, 487 S.E.2d at 262-63.  We also hold that the seizure did not violate the Fourth Amendment because Hewlett had reasonable suspicion to believe appellant was, in fact, the perpetrator.  In developing this reasonable suspicion, Officer Hewlett was entitled to rely on information communicated to him by his fellow law enforcement officers.  See United States v. Hensley, 469 U.S. 221, 232-33 (1985).

Appellant correctly states that "[a]nonymous tips are generally less reliable than tips from known informants and can form the basis for reasonable suspicion only if accompanied by specific indicia of reliability."  Harris v. Commonwealth, 33 Va. App. 325, 331, 533 S.E.2d 18, 20 (2000).  Appellant also correctly points out that

> the [United States Supreme] Court specifically held that an anonymous tipster's "accurate description of a subject's readily available location and appearance" is not enough to establish that the tipster had knowledge of the target's criminal activity.  The police officers must investigate and determine, before detaining the target, whether the tip is "reliable in its assertion of illegality, not just its tendency to identify a determinate person."

Id. at 331, 533 S.E.2d at 21 (quoting Florida v. J.L., 529 U.S. 266, 271-72 (2000)).  By contrast, "a tip from a known informant whose reputation can be assessed and who can be held responsible if [his] allegations turn out to be fabricated" may, standing

-

alone, provide sufficient indicia of reliability to provide an officer with reasonable suspicion to make an investigatory stop. J.L., 529 U.S. at 270 (citing Adams v. Williams, 407 U.S. 143, 146-47 (1972)); see also Johnson v. Commonwealth, 20 Va. App. 49, 54-55, 455 S.E.2d 261, 264 (1995).

Whether reasonable suspicion exists ultimately depends upon the totality of the circumstances. Parker v. Commonwealth, 255 Va. 96, 104, 496 S.E.2d 47, 52 (1998). A court must consider both "the veracity of the informant and the basis of his or her knowledge regarding a particular tip," Jefferson v. Commonwealth, 27 Va. App. 1, 13, 497 S.E.2d 474, 480 (1998), "taking into account the facts known to the officers from personal observation," Alabama v. White, 496 U.S. 325, 330-31 (1990). If a tip has a relatively low degree of reliability because it is from an anonymous informer, more information will be required to establish the "requisite quantum of suspicion," such as "independent corroboration of significant aspects of the tip." Id. at 332. Less verification is necessary when the police are familiar with the informant. Id. Also, if the informer is a disinterested citizen who is either a victim of or eyewitness to, a crime, police properly may give more weight to the informer's information than they would to information from a "criminal" informer, whose motives are less likely to be pure. Cf. Russell v. Commonwealth, 33 Va. App. 604, 613-14, 535 S.E.2d 699, 704 (2000) (in examining probable cause for warrantless

-

arrest, noting tip less reliable because criminal informant provided information in hope of obtaining consideration on outstanding criminal charge); Polston v. Commonwealth, 24 Va. App. 738, 745, 485 S.E.2d 632, 635 (1997) (analyzing probable cause for issuance of search warrant by magistrate), aff'd on other grounds, 255 Va. 500, 498 S.E.2d 924 (1998).

Here, the totality of the circumstances establishes the reliability of the tip. We do not have a wholly "anonymous tipster" as that term is contemplated by the Supreme Court in J.L. or by this Court in Harris, and the evidence partially corroborated the tipster's report that a crime had occurred. The informant in this case was a disinterested citizen who had just witnessed a crime. The informant contacted the police dispatcher by way of his cellular phone, and while the record is silent as to whether the caller immediately provided his identity to the dispatcher, he stayed on the line as he followed appellant and provided the dispatcher with updates on the location of appellant and his companion. The caller also stayed in communication with the dispatcher as the dispatcher relayed his report to Officer Hewlett and as Officer Hewlett approached appellant. Moreover, Officer Hewlett testified that another police unit had been dispatched to the scene of the alleged break-in and that, by the time he approached the suspect, he had received confirmation that the window of the car parked at the intersection of Allen and Main Streets had, in fact, been

-

broken. Thus, the evidence established the tip was "'reliable in its assertion of illegality, not just its tendency to identify a determinant person.'" Harris, 33 Va. App. at 331, 533 S.E.2d at 21 (quoting J.L., 529 U.S. at 272).

Accordingly, the information known to Officer Hewlett at that time provided him with reasonable suspicion for the stop. Based on reports from the dispatcher that the witness was still on the phone with her and still following the suspect, Officer Hewlett reasonably believed the witness was nearby, intended to stand by his report, and would arrive momentarily to confirm or dispel Hewlett's reasonable suspicion that appellant was the perpetrator, thereby limiting the duration of the intrusion. As soon as Officer Hewlett stopped appellant, the informant crossed the street, approached Hewlett and appellant, and identified the individual he had observed breaking into Johnson's car, thereby providing probable cause for appellant's arrest. The informant's information, coupled with his continuing assistance in locating appellant, which confirmed his proximity to the scene of the stop, and the officers' partial corroboration that a crime had occurred, provided reasonable suspicion for the stop. Thus, we hold that the trial court did not err in denying the motion to suppress.

Likewise, on review of the sufficiency of the evidence, "[w]e must examine the evidence in the light most favorable to the Commonwealth, the prevailing party at trial, and we will not

-

disturb the trial court's judgment unless it is plainly wrong or without evidence to support it." Goins v. Commonwealth, 251 Va. 442, 466, 470 S.E.2d 114, 130 (1996). Here, appellant argues the Commonwealth failed to demonstrate that the items in his possession were taken from Johnson's vehicle. However, when arrested minutes after a citizen observed him commit the crime, appellant was found to have two cartons of cigarettes on his person. We find the evidence sufficient to support the trial court's verdict that the appellant is guilty of petit larceny.[3]

Finally, appellant argues that because the certificate of analysis lists both a "plastic bag" as well as a "silver metal tube smoking device" as having been submitted, but does not state which item contained the cocaine residue, the evidence was insufficient to convict appellant of possession of cocaine. We disagree with appellant's characterization of the evidence. In fact, the certificate of analysis states that the following was submitted: "Item 1[:] One (1) sealed plastic bag containing one (1) silver metal tube smoking device with residue." Thus, the only item that was submitted that contained residue of any type was the smoking device. That residue tested positive for

---

[3] Appellant also argues that because the Commonwealth listed Earl Johnson (presumably Sandra Johnson's husband), instead of Sandra Johnson, on the indictment, the indictment contained a fatal variance from the evidence submitted during trial. However, the appellant raised no objection to the indictment during the trial court proceedings. Accordingly, we do not consider this argument on appeal. See Rule 5A:18.

-

cocaine.  Accordingly, we also find the evidence sufficient to support the verdict on this offense and affirm the judgment of the trial court.

<u>Affirmed</u>.
