COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Humphreys and Senior Judge Overton


TERRY BLACKWELL

                                        MEMORANDUM OPINION*
v.    Record No. 0999-02-1                 PER CURIAM
                                         JANUARY 14, 2003
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                       Randolph T. West, Judge

            (Jeffrey C. Rountree, on brief), for
            appellant.  Appellant submitting on brief.

            (Jerry W. Kilgore, Attorney General; Leah A.
            Darron, Assistant Attorney General, on
            brief), for appellee.  Appellee submitting on
            brief.


     Terry Blackwell appeals his conviction for possession of a

firearm after having been convicted of a felony.  He contends that

the anonymous informant's tip was not sufficient to justify his

detention and that, therefore, the trial judge erred in denying

his motion to suppress the firearm.  We agree, and we reverse the

trial judge's denial of Blackwell's motion to suppress.

                                I.

     In our review of a trial judge's denial of a motion to

suppress, we are guided by the following principles:

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

> "[T]he burden is upon [the appellant] to
> show that th[e] ruling, when the evidence is
> considered most favorably to the
> Commonwealth, constituted reversible error."
> "Ultimate questions of reasonable suspicion
> . . . " involve questions of both law and
> fact and are reviewed de novo on appeal.  In
> performing such analysis, we are bound by
> the trial [judge's] findings of historical
> fact unless "plainly wrong" or without
> evidence to support them . . . .

McGee v. Commonwealth, 25 Va. App. 193, 197-98, 487 S.E.2d 259, 261 (1997) (en banc) (citations omitted).  Viewed in the light most favorable to the party that prevailed on the motion, Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991), the evidence proved that on the night of September 16, 2001 the Newport News Police Department dispatcher sent uniformed officers, Sergeant Duckworth and Officer Ngobeh, to investigate a report that "a black male, name given was Terry Blackwell, wearing a [dark] jacket, blue jeans, and a do-rag . . . was brandishing a firearm [and] waving it at people" in front of 4326 Lacy Cove Lane.  The officers parked away from the residence and walked through several yards to avoid being seen as they approached the address.  They saw a man, who matched the description they had, in front of the residence.  He was standing beside a car and talking to two persons who were sitting in the car.  The officers saw no firearm and no other people in the area.

Sergeant Duckworth announced, "Police.  Don't move," and "covered the car with the two persons because [the officers]

-

could not see their hands." Sergeant Duckworth then instructed the man to move away from the car and told him that they had received a report of a person brandishing a firearm. After the man moved away from the car, Officer Ngobeh approached the man and asked him, "Do you have a weapon on you or anything?" The man answered, "Yes." Officer Ngobeh then frisked the man and recovered a .38 caliber firearm that was concealed in his waist area. After the officers secured the firearm and put handcuffs on the man, they learned he was Terry Blackwell. They did not know Blackwell before this contact with him.

The trial judge ruled that "the totality of the evidence is sufficient" and denied the motion to suppress. At the conclusion of the bench trial, the judge convicted Blackwell of possession of a firearm after having been convicted of a felony.

II.

The Fourth Amendment provides protection "against unreasonable . . . seizures." U.S. Const. amend IV.

> A police officer may stop and question a person only if the officer has reasonable, articulable suspicion to believe the person may be involved in criminal activity. Reasonable suspicion, while not as stringent a test as probable cause, requires at least an objective justification for making the stop. A stop must be based on something more than the officer's "inchoate and unparticularized suspicion or 'hunch.'" "At the time of the stop, the officer must be able to point to specific and articulable facts, which taken together with rational inferences from those facts, objectively warrant a reasonable person with the

-

> knowledge and experience of the officer to believe that criminal activity is afoot." In determining whether a police officer had a particularized and objective basis for an investigatory stop, a court must consider the totality of the circumstances.

Ramey v. Commonwealth, 35 Va. App. 624, 629-30, 547 S.E.2d 519, 522 (2001) (citations omitted).

When the officers detained and seized appellant they acted solely upon an anonymous report. We have previously held that such seizures are to be determined by consideration of the following standards:

> "[A]nonymous tips are generally less reliable than tips from known informants and can form the basis for reasonable suspicion only if accompanied by specific indicia of reliability." . . . [A]n anonymous tipster's "accurate description of a subject's readily available location and appearance" is not enough to establish that the tipster had knowledge of the target's criminal activity. The police officers must investigate and determine, before detaining the target, whether the tip is "reliable in its assertion of illegality, not just its tendency to identify a determinate person."

Reed v. Commonwealth, 36 Va. App. 260, 266-67, 549 S.E.2d 616, 619 (2001) (citations omitted) (emphasis added).

In this case, as in Florida v. J.L., 529 U.S. 266 (2000), the totality of the circumstances in this record does not establish the reliability of the tip and, thus, the officers had an insufficient basis to justify the initial detention of Blackwell. The tip's identification of a determinate person is not sufficient to establish that it is "reliable in its

-

assertion of illegality." Id. at 272. The information contained in the tip regarding the man's race and clothing was readily observable to anyone in the area. Moreover, the evidence did not establish that the tip contained "a verifiable explanation of how the informant came to know of the information in the tip" and that "the police in turn independently corroborate[d]" this. Ramey, 35 Va. App. at 631, 547 S.E.2d at 523. Likewise, the report "disclosed no knowledge of 'concealed criminal activity' or 'ability to predict [appellant's] future behavior.'" Id. at 632, 547 S.E.2d at 524.

Accordingly, the record failed to establish that the officers had a reasonable articulable suspicion of criminal activity to detain Blackwell. "With no basis in the record upon which to judge the reliability of the tip/dispatch, we hold that it fails scrutiny under the Fourth Amendment for lack of any indicia of reliability and, therefore, is insufficient justification for [Blackwell's] initial detention." Id. at 632-33, 547 S.E.2d at 524. Thus, the trial judge erred in denying the motion to suppress. We, therefore, reverse Blackwell's conviction and remand the case for such further proceedings as the Commonwealth shall be advised to take.

Reversed and remanded.

-