COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Bumgardner and Frank
Argued at Richmond, Virginia


LAKISHA JERMON THOMAS

v.        Record No. 1130-04-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE LARRY G. ELDER
SEPTEMBER 20, 2005


FROM THE CIRCUIT COURT OF HENRICO COUNTY
Catherine C. Hammond, Judge

Matthew T. Paulk (Blackburn, Conte, Schilling & Click, P.C., on
brief), for appellant.

Donald E. Jeffrey, III, Assistant Attorney General (Judith Williams
Jagdmann, Attorney General, on brief), for appellee.


Lakisha Jermon Thomas (appellant) appeals her conviction for possessing stolen goods,

rendered following her entry of a conditional plea of guilty. On appeal, appellant contends her

consent to a search of her home was not voluntary and, thus, that the trial court's denial of her

motion to suppress was error. We hold the evidence supports the trial court's finding that

appellant voluntarily consented to both the entry and the search. Thus, we affirm the conviction,

subject to remand only for correction of a clerical error.[1]

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The transcript of the hearing on the motion to suppress reflects that appellant entered a
conditional plea of guilty in order to preserve her right to appeal the court's denial of her motion
to suppress. However, the conviction order does not indicate the guilty plea was conditional.
Because the transcript reflects the conditional nature of the plea and the Commonwealth does not
contend otherwise, we remand the matter to the trial court for the sole purpose of correcting the
clerical error in the conviction order to reflect that appellant's guilty plea was conditional. See
Tatum v. Commonwealth, 17 Va. App. 585, 592, 440 S.E.2d 133, 138 (1994); see also Code
§ 8.01-428(B).

On appeal of a ruling on a motion to suppress, we view the evidence in the light most favorable to the prevailing party, here the Commonwealth, granting to the evidence all reasonable inferences deducible therefrom. Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991). "[W]e are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them," McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261 (1997) (en banc), but we review *de novo* the trial court's application of defined legal standards such as probable cause and reasonable suspicion to the particular facts of the case, Ornelas v. United States, 517 U.S. 690, 699, 116 S. Ct. 1657, 1663, 134 L. Ed. 2d 911 (1996).

In order to determine whether consent to a particular search was "voluntary," the test is whether the search is "the product of an essentially free and unconstrained choice" or whether the consenter's "will has been overborne and his capacity for self-determination critically impaired." Schneckloth v. Bustamonte, 412 U.S. 218, 225-26, 229, 93 S. Ct. 2041, 2047, 2049, 36 L. Ed. 2d 854 (1973); see Lowe v. Commonwealth, 218 Va. 670, 678, 239 S.E.2d 112, 117 (1977). "[T]he question whether a consent to a search was in fact 'voluntary' or was the product of duress or coercion, express or implied, is a question of fact to be determined from the totality of all the circumstances." Schneckloth, 412 U.S. at 227, 93 S. Ct. at 2047-48; see Lowe, 218 Va. at 678, 239 S.E.2d at 117. The Commonwealth bears the burden of proving by a preponderance of the evidence that the consent was voluntary. Camden v. Commonwealth, 17 Va. App. 725, 727, 441 S.E.2d 38, 39 (1994); see also Bumper v. North Carolina, 391 U.S. 543, 548, 88 S. Ct. 1788, 1792, 20 L. Ed. 2d 797 (1968).

Police need not warn the suspect that he has a right to refuse the search; the suspect's knowledge of his right to refuse falls within the totality of the circumstances the court must consider. Schneckloth, 412 U.S. at 227, 93 S. Ct. at 2047-48; see also Ohio v. Robinette, 519

U.S. 33, 117 S. Ct. 417, 136 L. Ed. 2d 347 (1996); Limonja v. Commonwealth, 8 Va. App. 532, 383 S.E.2d 476 (1989). The number of times an officer asks for consent to search may be relevant to the determination of whether consent was coerced. See, e.g., Harris v. Commonwealth, 38 Va. App. 680, 690, 568 S.E.2d 385, 390 (2002). "[M]erely advising [an individual] that a search warrant could be obtained is not coercion," Bosworth v. Commonwealth, 7 Va. App. 567, 571, 375 S.E.2d 756, 758 (1989), but it is a relevant factor in the totality-of-the-circumstances analysis. The fact that a suspect is in custody or under investigative detention does not vitiate consent, Reynolds v. Commonwealth, 9 Va. App. 430, 439, 388 S.E.2d 659, 665 (1990), but whether the officers involved have made a display of authority or show of force is a factor for consideration, Johnson v. Commonwealth, 26 Va. App. 674, 689, 496 S.E.2d 143, 150 (1998).

Police who have probable cause for a search warrant for a particular premises may keep others, including the residents, out for a reasonable period of time in order to obtain a warrant. See, e.g., Illinois v. McArthur, 531 U.S. 326, 331-33, 121 S. Ct. 946, 950-52, 148 L. Ed. 2d 838 (2001). Further, where police have at least reasonable suspicion to believe a resident of the premises has been involved in the criminal activity that provides probable cause for the search warrant, they may detain the resident for a reasonable period of time, as well, while attempting to confirm or dispel that suspicion. See, e.g., United States v. Sokolow, 490 U.S. 1, 7, 109 S. Ct. 1581, 1585, 104 L. Ed. 2d 1 (1989). The fact that a suspect consents to a search in order to avoid a securing of the scene and personal detention while the police obtain a warrant does not compel a finding, as a matter of law, that the consent was involuntary. The voluntariness of the consent remains a factual finding to be made based on the totality of the circumstances, cf. Reynolds, 9 Va. App. at 439, 388 S.E.2d at 665 (holding fact that suspect is in custody does not preclude finding of voluntary consent to search); Johnson, 26 Va. App. at 689, 496 S.E.2d at 150 (holding

- 3 -

fact that officers have made a display of force or show of authority does not preclude finding of voluntary consent to search), and we are bound by that finding unless it is plainly wrong, see Schneckloth, 412 U.S. at 227, 93 S. Ct. at 2047-48; McGee, 25 Va. App. at 198, 487 S.E.2d at 261.

When the factual basis for probable cause or reasonable suspicion is provided by an informer, the informer's (1) veracity, (2) reliability, and (3) basis of knowledge are "highly relevant" factors in the overall totality-of-the-circumstances analysis. Illinois v. Gates, 462 U.S. 213, 230, 233, 103 S. Ct. 2317, 2328, 2329, 76 L. Ed. 2d 527 (1983); see Alabama v. White, 496 U.S. 325, 328-31, 110 S. Ct. 2412, 2415-16, 110 L. Ed. 2d 301 (1990). Courts do "not apply to citizen informers the same standard of reliability as is applicable when police act on tips from professional informers or those who seek immunity for themselves." Guzewicz v. Commonwealth, 212 Va. 730, 735-36, 187 S.E.2d 144, 148 (1972). Information from a "disinterested citizen" who claims to be an eyewitness of a crime may be given more weight than "information from a 'criminal' informer, whose motives are less likely to be pure." Reed v. Commonwealth, 36 Va. App. 260, 267-68, 549 S.E.2d 616, 619-20 (2001). An informant who "provide[s] 'self-identifying information' . . . put[s] her 'anonymity at risk.' 'Risking one's identification intimates that, more likely than not, the informant is a genuinely concerned citizen as opposed to a fallacious prankster.'" Jackson v. Commonwealth, 267 Va. 666, 681, 594 S.E.2d 595, 603 (2004) (quoting State v. Williams, 623 N.W.2d 105, 114-15 (Wis. 2001)).

Here, the record supports a finding that police had probable cause to obtain a search warrant for the premises and at least reasonable suspicion to detain appellant. Police spoke personally to the victim whose property had been taken and to his sister, from whose home the theft had occurred. The victim indicated that "[m]ultiple" DVDs were taken in the burglary, and his sister reported she noticed the DVD collection of appellant, her neighbor, was "bigger" after

- 4 -

the burglary. The victim then gave Officer K.L. Motley the telephone number of a third party, whom he identified as Maria Sanchez, to whom he said appellant had confessed her involvement in the burglary. When Officer Motley dialed the number, a woman answered who identified herself as Sanchez and related to Officer Motley the same information he had received from the victim. Sanchez said appellant had confessed the burglary to her, not realizing Sanchez was a friend of the victim's.

In addition to Sanchez's telephone number, Officer Motley obtained from Sanchez certain "biographical information including her social security number." He then used his computer to perform a Department of Motor Vehicles (DMV) check on Sanchez. Motley confirmed the DMV database included a woman named Maria Sanchez who lived at a particular address, and the evidence supports a finding that the social security number and telephone number he received from the DMV check matched the social security number he received from the woman identifying herself as Sanchez and the telephone number he had used to reach the woman. Thus, Officer Motley had enough identifying information to conclude that the person with whom he spoke was, in fact, Maria Sanchez and that the victim and Sanchez were citizen witnesses who could be subjected to criminal liability if their reports proved to be false.

This information, coupled with the statement of the victim's sister that appellant's DVD collection was "bigger" after the burglary, provided Officer Motley with probable cause to obtain a search warrant and to "freeze the scene" by excluding people from the premises for a reasonable time while obtaining a warrant. See McArthur, 531 U.S. at 331-33, 121 S. Ct. at 950-52. This same information provided the officers with at least reasonable suspicion to detain appellant for a reasonable period of time while obtaining and executing a search warrant. See Sokolow, 490 U.S. at 7, 109 S. Ct. at 1585. Because the evidence supported a finding that the actions of the police were reasonable under the circumstances, their decision to "freeze the

scene" by requiring appellant to stay and preventing others, including appellant's mother, from entering did not compel the conclusion that appellant's consent to search was involuntary.[2] See Bolden v. Commonwealth, 263 Va. 465, 473, 561 S.E.2d 701, 705 (2002).

Appellant argues the police response to her question about whether she could narrow the scope of her consent was legally incorrect and nullified her consent. We hold that the voluntariness of appellant's consent was not, as a matter of law, vitiated by the officers' response to her question whether she could tell them where they could and could not look. The officers had already expressly told appellant both that she was not required to consent to a search and that she could revoke her consent at any time. When appellant asked whether she could tell them where they could and could not look, the officers responded by stating their intention to do that which they were entitled to do under the law and the facts that were known to them at that time. Officer Motley said they would search everywhere a DVD might be found unless appellant revoked her consent.

The fact that the officers did not expressly advise appellant she had a right under the law to delimit or narrow the scope of the search to which she had already consented did not, as a matter of law, vitiate that consent. Cf. Schneckloth, 412 U.S. at 227, 93 S. Ct. at 2047-48 (holding knowledge of right to refuse consent is not necessary to finding that consent was voluntary). Officer Motley's response simply established what he intended to do if appellant withdrew her consent either in whole or in part--to stop the search and obtain a warrant. As a practical matter, it would have been reasonable for Officer Motley to conclude that if appellant

---

[2] The rationale we applied in Commonwealth v. Perry, No. 1488-03-3 (Va. Ct. App. Oct. 28, 2003), cited by appellant as persuasive authority, does not support a different result. Perry was a Commonwealth's appeal in which the trial court found as a fact that the defendant's consent was coerced, and we were required on appeal to give deference to that finding unless it was plainly wrong. In appellant's case, in contrast to Perry, the trial court found appellant's consent to search was voluntary, and the evidence, viewed in the light most favorable to the Commonwealth, does not indicate this finding was plainly wrong.

- 6 -

authorized a search of only limited areas of her home, that search would be unlikely to yield the fruits of a crime and that the most efficient use of the officers' time would be simply to obtain a warrant and search the entire residence at one time.  Thus, the officers' failure to clearly indicate to appellant that she had a legal right to delimit the scope of the search does not compel the conclusion that her consent was involuntary.

For these reasons, we hold the evidence supports the trial court's finding that appellant voluntarily consented to both the entry and search of her residence.  Thus, we affirm the conviction, subject to remand only for correction of a clerical error.[3]

<u>Affirmed on the merits and remanded with instructions.</u>

---

[3] <u>See</u> <u>supra</u> footnote 1.