# COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Decker, Judges Humphreys and O'Brien
Argued by teleconference

THOMAS OTHEL THOMPSON, JR.

OPINION BY
v.      Record No. 1262-20-2       CHIEF JUDGE MARLA GRAFF DECKER
NOVEMBER 23, 2021

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF HALIFAX COUNTY
Kimberley S. White, Judge

Elizabeth Hurt, Deputy Public Defender, for appellant.

Mason D. Williams, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.

Thomas Othel Thompson, Jr., appeals his conviction for possession of marijuana in

violation of Code § 18.2-250.1, a second or subsequent offense.  On appeal, he argues that the

evidence was insufficient to prove that the substance was marijuana because the Commonwealth

did not establish the tetrahydrocannabinol (THC) concentration of the material.  Under the

applicable statutory scheme, we hold that the evidence was sufficient to prove that the loose

plant material was marijuana.  As a result, we affirm the appellant's conviction.

## I.  BACKGROUND[1]

The appellant was the back-seat passenger in an automobile subject to a traffic stop in

Halifax County on October 9, 2019.  A gray plastic bag was on the seat next to the appellant, and

one of the officers smelled "raw" marijuana when the appellant rolled down his window.

---

[1] On review of a challenge to the sufficiency of the evidence, this Court views the
evidence in the light most favorable to the Commonwealth, as the prevailing party below.
Williams v. Commonwealth, 71 Va. App. 462, 472 n.2 (2020).

Another officer involved in the stop saw the appellant slowly and surreptitiously "scootch" the bag to the edge of the seat until it fell off onto the floorboard. An open box of "Ziplock" bags with a digital scale inside it was also found in the back seat. Other drug paraphernalia, including a second digital scale with white residue on it, was found in the front-seat area. The front-seat passenger had $1,600 in cash and two rocks of crack cocaine in his possession.

Further examination of the plastic bag that the appellant pushed off the seat revealed that it contained a vacuum-sealed bag of plant material that had been opened. Laboratory testing of the bag's contents established that it contained just under twelve ounces of "[m]arijuana, . . . plant material." The certificate of analysis also provided that the "[c]oncentration of cannabinoid(s)" in the material was "not determined."[2]

The appellant was indicted for one count of possession of marijuana with intent to distribute, involving a quantity of "more than one-half ounce but not more than five pounds," in violation of Code § 18.2-248.1(a)(2).

At trial, the Commonwealth introduced the certificate of analysis without objection from the appellant. It also introduced a photograph of the bag of marijuana.

Tyler Clark of the Halifax County Sheriff's Office was involved in the traffic stop and also testified as an expert in the packaging and distribution of marijuana. On cross-examination, counsel for the appellant inquired whether Investigator Clark was "familiar with the kind of hemp you can buy . . . at your standard corner store or at vape stores." Clark replied that he "ha[d] been to [a particular] hemp farm . . . before [it] shut down." Counsel showed Clark what he described as "Crutchfield Farm Hemp," noting "a little indicator" on the package reflecting

---

[2] The relevant portion of the certificate of analysis provides in its entirety as follows: "Marijuana, 338.63 $\pm$ 0.05 grams (11.944 $\pm$ 0.002 ounces) of plant material. Concentration of cannabinoid(s) not determined. Measurement uncertainty of weight measurements is reported at a 95.45% level of confidence. [Methods: ME, CT and TLC]."

that it contained "less than three percent of THC."[3] She then asserted that the "indicator . . . sound[ed] consistent with the difference between a hemp product . . . and marijuana." Investigator Clark replied, "Yes, ma'am." On redirect examination, Clark confirmed that none of the occupants of the car "claimed that [the substance] recovered was hemp." He also testified that he did not recall that the officers found anything in the search of the car or its occupants indicating that they had a "license to grow or possess hemp."

At the close of the Commonwealth's case, the appellant moved to strike the evidence on the ground that it failed to prove either that he intended to distribute the substance or that the substance was marijuana because it was not tested for THC content.

The court granted the motion in part by reducing the charge to simple possession. However, it rejected the appellant's challenge to the sufficiency of the evidence to prove that the substance was marijuana. The judge observed that the statute permitted the possession of two different types of hemp—industrial hemp and hemp products. She stated that what was recovered from the automobile might have been industrial hemp but was not a hemp product. The judge further noted "that the percentage of THC ha[d] to be done" only if the court was "looking at a hemp *product*." (Emphasis added). With regard to industrial hemp, the judge observed that the appellant could have lawfully possessed it only if he was a registered grower or manufacturer. For those reasons, the judge denied the motion to strike insofar as it challenged the Commonwealth's proof that the substance was marijuana.

The appellant did not introduce any evidence. The court found him guilty of possession of marijuana in violation of Code § 18.2-250.1 as a second or subsequent offense and sentenced him to thirty days in jail.

---

[3] The item was neither marked as an exhibit nor introduced into evidence. The appellant asserts on appeal that the bag of Crutchfield Farm Hemp mentioned at trial was a "legally purchased example," making clear that it was merely an explanatory aid.

## II.  ANALYSIS

The appellant contends that the evidence was insufficient to support his conviction because it did not prove that the substance in his possession was marijuana.  He suggests that under the applicable statutory scheme, the substance could have been "legal hemp" and the Commonwealth bore the burden of proving that it was not.

When an appellate court reviews the sufficiency of the evidence to support a conviction, it "[]views th[at] evidence in the light most favorable to the Commonwealth, as the prevailing party at trial, and considers all inferences fairly deducible from that evidence."  Powell v. Commonwealth, 289 Va. 20, 26 (2015) (quoting Allen v. Commonwealth, 287 Va. 68, 72 (2014)).  The appellate court presumes that the judgment of the trial court is correct and reverses that judgment only if it is "plainly wrong or without evidence to support it."  Id. (quoting Allen, 287 Va. at 72).  Resolution of the appellant's assignment of error primarily requires statutory interpretation, which is a question of law that the appellate court reviews *de novo*.  See id.

The appellant was convicted of violating Code § 18.2-250.1.  When he committed the offense in October 2019, Code § 18.2-250.1(A) made it "unlawful for any person knowingly or intentionally to possess marijuana unless the substance was obtained . . . pursuant to[] a valid prescription" or in a fashion "otherwise authorized by the Drug Control Act."  See 2019 Va. Acts ch. 690.[4]  The only element of the offense at issue in this appeal is whether the evidence was sufficient to support the trial court's finding that the substance was in fact marijuana.

The applicable version of Code § 18.2-247(D) defines "marijuana" as "any part of a plant of the genus Cannabis, whether growing or not, its seeds[,] or resin," and "every compound,

---

[4] Code § 18.2-250.1 was enacted in 1979 and repealed in 2021.  See 1979 Va. Acts. ch. 435; 2021 Va. Acts. chs. 550-51, cls. 3, 8.  At all times between those dates, the statute proscribed marijuana possession using the language quoted in the text.  Compare 1979 Va. Acts. ch. 435, with 2020 Va. Acts chs. 45, 51, 1st Spec. Sess.

manufacture, salt, derivative, mixture, or preparation of such plant, its seeds, or its resin." See 2019 Va. Acts chs. 653-54, cls. 1, 7. Subsequent sentences of the statute further specifically state that "[m]arijuana shall *not* include" certain substances. Id. (emphasis added). Listed among the excluded substances are certain types of industrial hemp and hemp products, as further defined by the statutory scheme. Id.[5] For an item to satisfy the exclusion for a hemp product, it must, among other things, "contain[] a [THC] concentration of no greater than 0.3 percent." Id.[6]

The appellant contends that the Commonwealth bore the burden of proving that the almost twelve ounces of plant material he possessed had a THC concentration of more than 0.3 percent. He suggests that in the absence of such evidence, the Commonwealth failed to prove that the substance was "illegal marijuana" and not a legal "hemp product." The Commonwealth responds that, once it presented evidence proving that the substance was marijuana, the statutory scheme placed the burden on the appellant to prove that the substance was a legal form of hemp, exempt from the statutory definition of marijuana. In the absence of such proof, the Commonwealth asserts that the evidence in the certificate of analysis establishing that the substance was marijuana is sufficient to support the conviction.

---

[5] The applicable version of Code § 18.2-247(D), which includes the exclusions for industrial hemp and hemp products, took effect in March 2019. See 2019 Va. Acts chs. 653-54, cls. 1, 7. All subsequent references to Code § 18.2-247(D) are to that version of the statute. Prior to that time, Code § 18.2-247(D) did not contain these exclusions. See id. The statute has been amended several times since the enactment of these exclusions, but this language has not been substantively altered. See 2020 Va. Acts ch. 831 (amending a different exclusion); 2020 Va. Acts chs. 1285-86 (adding cannabinoid extract to the definition of marijuana and changing the exclusionary language from "shall not include" to "does not include"); 2021 Va. Acts ch. 110, 1st Spec. Sess. (reordering the exclusions and adding one for industrial hemp possessed by a person with a specified federal license).

[6] The current version of Code § 18.2-247 defines THC as "delta-9-tetrahydrocannabinol." 2020 Va. Acts ch. 831, cl. 1 (codified in Code § 18.2-247(F)); 2021 Va. Acts ch. 110, 1st Spec. Sess.

In construing a statute, the court "must presume that the General Assembly chose, with care, the words that appear in a statute, and [it] must apply the statute in a manner faithful to that choice." Johnson v. Commonwealth, 292 Va. 738, 742 (2016). "Consequently, we 'apply[] the plain meaning of the words unless they are ambiguous or [doing so] would lead to an absurd result." Eley v. Commonwealth, 70 Va. App. 158, 164 (2019) (quoting Wright v. Commonwealth, 278 Va. 754, 759 (2009)). "Although criminal statutes are to be strictly construed against the Commonwealth, the appellate court must also 'give reasonable effect to the words used' in the legislation." Green v. Commonwealth, 72 Va. App. 193, 202 (2020) (quoting Johnson v. Commonwealth, 37 Va. App. 634, 639 (2002)). Finally, the Code of Virginia constitutes a single "body of . . . laws," and related statutes should be considered together and "harmoni[zed]" if necessary as part of the interpretive process. Amonett v. Commonwealth, 70 Va. App. 1, 10 (2019) (quoting Lucy v. Cnty. of Albemarle, 258 Va. 118, 129-30 (1999)).

We hold that Code § 18.2-263 governs the outcome in this case. That code section provides in pertinent part that "in any . . . proceeding . . . [to] enforce[] . . . any provision of this article," which proscribes various drug crimes, "it shall not be necessary to negative any exception, excuse, proviso, or exemption contained in this article." Code § 18.2-263; see 1975 Va. Acts. chs. 14-15 (enacting the version of Code § 18.2-263 that is still in effect). Elaborating further, Code § 18.2-263 expressly indicates that "the burden of pro[ving] . . . any such exception, excuse, proviso, or exemption" under any statute in the article "shall be upon the defendant." The "article" referenced in Code § 18.2-263 encompasses Code §§ 18.2-247 to -264. This case involves the appellant's conviction for violating Code § 18.2-250.1, which relies upon the definition of marijuana contained in Code § 18.2-247. Both of these statutes fall within the range of statutes to which Code § 18.2-263 expressly applies. Accordingly, we address whether the portion of Code § 18.2-247 at issue in this case is an "exception, excuse,

proviso, or exemption" within the meaning of Code § 18.2-263 such that the appellant, not the Commonwealth, bore the burden of proving it.

In determining what qualifies as a statutory exception under Code § 18.2-263 for the purpose of allocating the burden of proof in this case, the holdings in Stillwell v. Commonwealth, 219 Va. 214 (1978), and Williams v. Commonwealth, 57 Va. App. 341 (2010), are instructive.[7]

In Stillwell, the Supreme Court of Virginia considered a statute proscribing the distribution of various controlled substances. 219 Va. at 218-19 (evaluating Code § 18.2-248). Although the statute made distribution unlawful, it also provided that a person who distributed a listed controlled substance "only as an accommodation to another individual," and not with the intent to profit or encourage the use of drugs, was entitled to have the crime punished as a misdemeanor rather than a felony. Id. at 217, 222-23 (quoting Code § 18.2-248). The applicable language in the distribution statute itself expressly provided that a defendant was entitled to a lesser punishment "if such person prove[d]" that he or she distributed the drug as an accommodation. Id. at 217-18 (quoting Code § 18.2-248). The Court also relied on the broader language in Code § 18.2-263 that allocated to the defendant the burden of proving statutory exceptions to *all* drug crimes in that article of the Code. Id. at 217, 220, 222.

In Williams, this Court followed the rationale of Stillwell in analyzing a statutory crime for which the allocation analysis relied *solely* on the language in Code § 18.2-263. See 57

---

[7] Stillwell and Williams both involved challenges to the constitutionality of the burden shifting that occurred when applying Code § 18.2-263 to the substantive criminal statutes at issue in those cases. See Stillwell, 219 Va. at 216, 222, 226; Williams, 57 Va. App. at 347, 354. The instant case involves only a sufficiency challenge, not a constitutional one. See generally Arrington v. Commonwealth, 53 Va. App. 635, 641 (2009) (recognizing that even constitutional challenges are waived if not raised in the trial court). The holdings in Stillwell and Williams are nonetheless instructive in determining what qualifies as an exception or exemption for purposes of burden shifting regarding the statutory exceptions to the definition of marijuana.

Va. App. at 345-46, 345 n.1, 350-51. Williams involved a conviction for possession of oxycodone in violation of Code § 18.2-250(A). Id. at 345 & 345 n.1. The Commonwealth presented no evidence regarding whether the defendant had a prescription for the drug. Id. at 346. Williams challenged his conviction based in part on the claim that the lack of a prescription was an element of the offense on which the Commonwealth bore the burden of proof. Id. at 345-46.

The statute at issue in Williams provided in pertinent part that a person could not "knowingly or intentionally . . . possess a controlled substance *unless* [it] was obtained . . . pursuant to[] a valid prescription." Id. at 345 n.1 (emphasis added) (quoting Code § 18.2-250(A)). The Court concluded that "the operative words of [the statute] defining the offense[ required proof of] 'knowingly or intentionally possess[ing] a controlled substance.'" Id. at 354 (quoting Code § 18.2-250). It further held that the "unless" language provided an exception that was "*not* an element of the offense." Id. (emphasis added).

In the instant case, similar to Stillwell and Williams, the language upon which the appellant relies is contained in an exception to the statutory definition of the term "marijuana." See Code § 18.2-247(D). The crime of possession of marijuana, as proscribed by Code § 18.2-250.1, is complete upon proof of a defendant's knowing possession of marijuana, under the definition of marijuana in the *first* sentence of Code § 18.2-247(D). The language in the *third* sentence of Code § 18.2-247(D), which sets out certain substances that the definition of marijuana "shall not include," qualifies as an "exception" or "exemption" for purposes of Code § 18.2-263. Like in Williams, the act of possessing the specified substance—marijuana— constitutes the crime. Additionally, like the "unless" language in Williams, the "shall not include" language here sets out an exception to the statutory proscription of the possession of marijuana. The exceptions in the two statutes function in the same fashion. In fact, the

- 8 -

exception in this case is even further removed from the definition of the crime because it is contained in an entirely separate sentence rather than a mere subordinate clause. Consequently, the express language of Code § 18.2-263 allocates the burden of proving that statutory exception to the appellant.[8]

The appellant's sole assignment of error asserts that the evidence was insufficient to prove that he possessed marijuana "because the Commonwealth failed to [have] the plant material . . . tested to determine its concentration level of [THC]." He contends as a result that the record failed to exclude all reasonable hypotheses of innocence and was insufficient to support his conviction. See generally Commonwealth v. Moseley, 293 Va. 455, 464 (2017) ("The reasonable-hypothesis principle . . . is 'simply another way of stating that the Commonwealth has the burden of proof beyond a reasonable doubt.'" (quoting Commonwealth v. Hudson, 265 Va. 505, 513 (2003))).

Contrary to the appellant's argument, the Commonwealth proved that the plant material was marijuana through the certificate of analysis, which was admitted without objection. Code § 18.2-247(D) defines marijuana as "any part of a plant of the genus Cannabis, whether growing or not, its seeds[,] or resin" and "every compound, manufacture, salt, derivative, mixture, or

---

[8] In Hill v. Commonwealth, 17 Va. App. 480, 483 (1993), this Court considered the definition of marijuana in the context of a challenge to a conviction for possession with intent to distribute under Code § 18.2-248.1. That definition, then contained in Code § 54.1-3401, provided that marijuana "shall not include" either "mature stalks" or "sterilized seed[s]." 17 Va. App. at 483 (emphasis omitted) (quoting Code § 54.1-3401); see 1999 Va. Acts 661, cl. 1 (adding a definition of marijuana to Code § 18.2-247 in lieu of the one previously incorporated from Code § 54.1-3401). The Court agreed with Hill that the evidence did not prove the weight of the marijuana because the sample visibly included a mature stalk, an item not classified as marijuana, as well as "seeds of unknown sterility." See 17 Va. App. at 485. It reversed the conviction without mentioning Code § 18.2-263 or addressing whether the statute's burden shifting provisions applied. Because the record in Hill contained *affirmative* proof (the visible stalk) that not all of the substance fit the definition of marijuana, the Court's discussion regarding who bore the *burden* of proof with regard to the "shall not include" language was unnecessary to the ruling and constituted nonbinding *dicta*. See generally Saal v. Commonwealth, 72 Va. App. 413, 424-25 (2020) (discussing what constitutes *dicta*).

preparation of such plant, its seeds, or its resin." The definition does *not* require proof of the concentration level of THC to establish that the substance was marijuana. See Code § 18.2-247(D). As applicable here, only the *exceptions* to the definitions for certain categories of hemp require such proof. See id.[9]

The certificate of analysis states that laboratory testing identified the plant material as just under twelve ounces of marijuana. See, e.g., Reed v. Commonwealth, 36 Va. App. 260, 265, 270 (2001) (holding the evidence was sufficient based on a certificate of analysis). In the absence of additional evidence supporting the appellant's entitlement to a statutory exception or exemption to the definition of marijuana, the record excluded all reasonable hypotheses of innocence and was sufficient to support his conviction.

## III. CONCLUSION

The certificate of analysis admitted into evidence at the appellant's trial established that the almost twelve ounces of plant material found in his possession were marijuana. The statutory scheme did not place any burden on the Commonwealth to prove the THC concentration of the material. Instead, it permitted the appellant to establish an exemption by proving that the material had a THC content no greater than 0.3 percent (or as otherwise specified by state or

_____

[9] The exceptions require proof not only that the substance has a THC concentration no greater than specified by state or federal law but also that it is either "industrial hemp . . . possessed by a person registered pursuant to [state law]" or a "hemp product . . . derived from industrial hemp . . . that [was] grown, dealt, or processed in compliance with state or federal law." See Code § 18.2-247(D) (defining marijuana and providing exceptions that rely in part on the definitions in Code § 3.2-4112); Code § 3.2-4112 (defining industrial hemp and hemp product); Code § 3.2-4113 (including burden shifting language nearly identical to that in Code § 18.2-263 stating that in a criminal prosecution for a drug crime under Title 18.2, the Commonwealth need not "negate any exception . . . or exemption" in Code §§ 3.2-4112 to -4121 and, additionally, placing "the burden of proof of any such exception . . . or exemption . . . on the defendant"). The appellant does not suggest that the evidence proved his entitlement to an exception. His assignment of error and argument are limited to his claim that the Commonwealth bore the burden of proving THC concentration to establish that the substance was marijuana.

federal law) and qualified as industrial hemp or a hemp product. In the absence of any evidence on either of these points, the record did not establish the appellant's entitlement to an exemption. The evidence was sufficient to prove the crime of possession of marijuana in violation of Code § 18.2-250.1, a second or subsequent offense. Consequently, we affirm the appellant's conviction.

<u>Affirmed.</u>