COURT OF APPEALS OF VIRGINIA

Present: Senior Judges Clements, Haley and Petty

BRIAN LEE CHEATHAM

                                   MEMORANDUM OPINION[*]
v.      Record No. 0293-22-2                        PER CURIAM
                                   NOVEMBER 22, 2022

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF DINWIDDIE COUNTY
Joseph Michael Teefey, Jr., Judge

(Steven P. Hanna, on brief), for appellant. Appellant submitting on
brief.

(Jason S. Miyares, Attorney General; Mason D. Williams, Assistant
Attorney General, on brief), for appellee. Appellee submitting on
brief.

Following a bench trial, the trial court convicted Brian Lee Cheatham of possession of

heroin. The trial court sentenced Cheatham to five years' incarceration with four years suspended.

Cheatham argues that the evidence was insufficient to support the conviction because "the

Commonwealth failed to introduce the actual controlled substance into evidence."

Cheatham's counsel has moved for leave to withdraw in accordance with *Anders v.*

*California*, 386 U.S. 738, 744 (1967). The motion to withdraw is accompanied by a brief referring

to the part of the record that might arguably support this appeal. A copy of that brief has been

furnished to Cheatham with sufficient time for him to raise any matter that he chooses, along with a

motion requesting an extension of time to allow him to file *pro se* supplemental pleadings.

Cheatham has not filed any *pro se* supplemental pleadings.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

After examining the briefs and record in this case, the panel has determined that this appeal is wholly frivolous and unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). We affirm the trial court's judgment.

BACKGROUND

We recite the facts "in the 'light most favorable' to the Commonwealth, the prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). Therefore, we "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

On August 15, 2018, Dinwiddie County Sheriff's Corporal Ty Moore responded to a report of shoplifting at a Dollar General in Dinwiddie County. Police previously detained Cheatham as he was leaving the store in his vehicle. Corporal Moore reviewed the store's video surveillance and identified the backpack Cheatham used in the larceny. Cheatham possessed the backpack when he entered the store, exited the store, and upon his arrest. Corporal Moore also reviewed Dollar General's video surveillance on July 23, 2018, and August 9, 2019, which showed that Cheatham used the same backpack to commit larcenies on those dates.

Inside the backpack, Corporal Moore found store merchandise and returned it to the store. At the police station, Corporal Moore also found in the backpack an Altoids tin, containing a folded lottery ticket, a partial red straw, and a white powdery substance. Corporal Moore submitted the items found in the tin to the Department of Forensic Science.

At trial, the Commonwealth introduced the certificate of analysis without objection from Cheatham. The certificate indicates that the Department of Forensic Science examined "one folded lottery paper . . . with residue" and determined that it contained heroin.

During Corporal Moore's cross-examination, he stated that another person was driving Cheatham's vehicle during the larceny. Corporal Moore admitted that when he searched the backpack, he initially did not notice the Altoids tin. Corporal Moore remembered the backpack from the previous video surveillance because he reviewed his notes and the general district court recently had heard Cheatham's larceny case. Corporal Moore's memory did not diminish with respect to the backpack. Corporal Moore, however, was unable to remember what Cheatham was wearing during any of the previous larcenies.

After the Commonwealth presented its evidence, Cheatham moved to strike, arguing that the Commonwealth failed to prove that the residue was heroin because it only introduced into evidence the certificate of analysis and not the heroin itself. The trial court denied the motion.

Cheatham testified that his friend gave him a ride to the Dollar General. Cheatham explained that he did not bring his own bag, so he took a backpack from the van, unaware that it contained the Altoids tin. On cross-examination, Cheatham denied that he used that same backpack to shoplift on the two previous occasions. He did not tell Corporal Moore about the backpack when he was arrested because Corporal Moore did not ask him about it. Cheatham also admitted that he previously had been convicted of felonies.

At the conclusion of the evidence, Cheatham argued that the evidence was insufficient to support the conviction. The trial court did not find Cheatham credible, based in part on Cheatham's possession of the backpack during the previous larcenies. The trial court convicted Cheatham of possession of heroin and sentenced him to five years' incarceration, with four years suspended. Cheatham appeals.

ANALYSIS

Cheatham argues that the Commonwealth failed to introduce the actual heroin into evidence, which was "instrumental in proving the corpus delicti of the crime." He asserts that introducing the certificate of analysis without introducing the heroin itself is "legally insufficient."

"On review of the sufficiency of the evidence, 'the judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *Ingram v. Commonwealth*, 74 Va. App. 59, 76 (2021) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). The Court "does not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Cady*, 300 Va. at 329 (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). Instead, we ask "whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quoting *Sullivan v. Commonwealth*, 280 Va. 672, 676 (2010)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Eberhardt v. Commonwealth*, 74 Va. App. 23, 31 (2021) (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)). "The nature of [an] illegal substance . . . need not be proved by direct evidence but can be demonstrated by circumstantial evidence." *Hill v. Commonwealth*, 8 Va. App. 60, 63 (1989); *see Reed v. Commonwealth*, 36 Va. App. 260, 269-70 (2001) (holding that a certificate of analysis was sufficient to convict defendant).

In the instant case, Corporal Moore's testimony and the introduction of the certificate of analysis were sufficient to prove that the substance found in the Altoids tin was heroin. It was the Commonwealth's prerogative to select how it wished to prove that the substance was heroin. *See Dunaway v. Commonwealth*, 52 Va. App. 281, 301 (2008) ("Indeed 'lay testimony and circumstantial evidence may be sufficient, without the introduction of an expert chemical analysis'

- 4 -

to establish the identity of an illegal drug." (quoting *United States v. Dolan*, 544 F.2d 1219, 1221 (4th Cir.1976))).  In the Altoids tin, Corporal Moore found a folded lottery ticket and white powdery substance alongside a straw—an apparatus commonly used to consume heroin.  In addition, the substance was found in an Altoids tin—an innocuous container that appeared to contain breath mints, but in this case, actually contained an illicit substance.  A reasonable factfinder could determine that a person would use this type of container to store illicit substances discreetly.  The certificate of analysis corroborated Corporal Moore's testimony and identified the substance as heroin.  Here, the record supports the factfinder's determination that the item in question was heroin without the introduction of the substance into evidence.

## CONCLUSION

Accordingly, we affirm the trial court's judgment and grant the motion for leave to withdraw.  *See Anders*, 386 U.S. at 744.  This Court's records shall reflect that Brian Lee Cheatham is now proceeding without the assistance of counsel in this matter and is representing himself on any further proceedings or appeal.

*Affirmed.*